# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WAYMOND KNOTT,

|  |  |
|---|---|
| Plaintiff, | CASE NO. 17-12886 |
|  | HON. DENISE PAGE HOOD |

v.

OCWEN LOAN SERVICING, LLC, and
C.F. SANDY POFAHL,

Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [#6], AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT [#16; #17]

## I.     BACKGROUND

### A. Procedural Background

On August 14, 2017, Plaintiff Waymond Knott ("Knott") brought this action against Defendants Ocwen Loan Servicing, LLC ("Ocwen") and C.F. Sandy Pofahl ("Pofahl") in the Circuit Court for Wayne County, Michigan.  (Doc # 1-1)  Ocwen removed this case to federal court on August 31, 2017.  (*Id.*)  Knott alleges Ocwen is liable for violating the Real Estate Settlement Procedure Act ("RESPA") Regulation X, 12 C.F.R. 1024.41 (Count I).  (Doc # 1-1, Pg. 6)  Knott has brought state law claims against Ocwen for Illegal Foreclosure in violation of MCL

600.3204 (Count II) and Negligence (Count III). (*Id.* at 10–11) Knott also alleges state law claims against Ocwen and Pofahl for violation of MCL 600.2907a (Count IV) and Concert of Action (Count V), requesting the Court Quiet Title (Count VI) and for Exemplary Damages (Count VII). (*Id.* at 11–15) On February 26, 2018, a Clerk's Entry of Default was entered against Pofahl for failure to plead or otherwise defend this action. (Doc # 11)

This matter is before the Court on Ocwen's Motion for Judgment on the Pleadings, filed on January 31, 2018. (Doc # 6) Knott filed a Response on February 22, 2018. (Doc # 8) Ocwen filed a Reply on March 8, 2018. (Doc # 13) Ocwen requests the Court issue a judgment dismissing Knott's claims because Knott (1) lacks standing to challenge the foreclosure, (2) has failed to allege a defect in the foreclosure proceedings, (3) has failed to allege a claim under RESPA, (4) has failed to state a claim for negligence, and (5) the remaining claims must be dismissed as a matter of law. (Doc # 6, Pg. 13)

Later, on June 10, 2018, Knott filed two Motions for Default Judgment to quite title. (Doc # 16; Doc # 17) Ocwen filed a Response on June 25, 2018. (Doc # 19) To date, Defendant Pofahl has failed to answer or otherwise appear in this case. For the reasons that follow, Defendant's Motion for Judgment on the Pleadings is **GRANTED** and Plaintiff's Motions for Default Judgment are **DENIED**.

## B. Factual Background

Knott obtained a mortgage loan from Resmae Mortgage Corporation (the "Loan"). As a security for the Loan, Knott authorized the lender a mortgage (the "Mortgage") on the property located at 2675 Columbus, Detroit, Michigan 48206 (the "Property"). (Doc # 6, Pg. 13-14) The mortgage contract was subsequently serviced by Ocwen. (Doc # 1-1, Pg. 4) Knott alleges, in mid-2016, he reached out to Ocwen and later submitted a loan modification application (the "First Loan Modification Application"). (*Id.*)

At some point,[1] Knott defaulted on the Loan and the Mortgage. A Notice of Foreclosure was published in Detroit Legal News on January 19, 2017, and weekly on January 26, February 2, and February 9, 2017. (Doc # 6, Pg. 14) Knott alleges he never received a response to the First Loan Modification Application. (Doc # 1-1, Pg. 5) Knott submitted a second loan modification application (the "Second Loan Modification Application") on January 26, 2017. (*Id.* at Exh. 3, Pg. 105–20) On January 27, 2018, the Notice of Foreclosure was posted on the Property. (Doc # 6, Pg. 14)

Knott sought assistance from Tillman Associates Real Estate. (Doc # 1-1, Pg. 5) Diana Tillman ("Tillman") served as Knott's representative in his

---

[1] The date the Loan entered default is not specified in the Complaint and Defendant Ocwen did not provide the date in the present Motion.

negotiations with Ocwen. (*Id.*) Tillman began discussing a potential discounted payoff of the Loan. (*Id.*) Knott did not receive an update on the Second Loan Modification Application.

The Sheriff's sale of the Property occurred on February 16, 2017. Defendant Pofahl purchased the Property for $12,924.00, on May 24, 2017. (*Id.*; Doc #6, Pg. 15) Knott discovered a covenant deed in the chain of title on the Property that indicated Pofahl's purchase. Later, Knott received a Discounted Pay-off Agreement from Ocwen with a payment deadline of August 16, 2017, the date the statutory redemption period expired. (Doc # 1-1, Exh. 8, Pg. 137–47) Knott's representative subsequently contacted Pofahl's representative, Angels N Service, LLC, which offered to participate in removing the sold and recorded covenant deed for $81,000.00. (Doc # 1-1, Pg. 6) Knott did not redeem the Property.

Knott alleges that the sale of the Property was illegal. (*Id.*) Knott asserts he has suffered prejudice due to Ocwen's failure to provide him with the appropriate loan modification review, and an illegal foreclosure and sale of the Property. (*Id.*)

## II. ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 12(c) authorizes parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings are analyzed

under the same standard as motions to dismiss under Rule 12(b)(6). *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010) (internal citation and quotation marks omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.*

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 550 U.S. at 562).

When deciding a Rule 12(c) motion for judgment on the pleadings, as a general rule, matters outside the pleadings may not be considered unless the motion

is converted to one for summary judgment under Fed. R. Civ. P. 56. *See Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). The Court may, however, consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.* at 89.

**B. RESPA Claim**

Ocwen argues that Knott's RESPA claim under 12 C.F.R. 1024.41 must fail because Knott cannot demonstrate that he submitted a timely complete loss mitigation application and he has not sufficiently alleged actual damages. (Doc # 6, Pg. 22–23) Knott alleges that Ocwen violated RESPA under 12 C.F.R. 1024.41(f)(2) and 12 C.F.R. 1024.41(g), evidenced by the Discounted Pay-off Agreement sent by Ocwen to Knott. (Doc # 8, Pg. 21) The Court finds that Knott has failed to sufficiently state a RESPA claim, but for reasons different than those argued by Ocwen.

RESPA, Regulation X provides a list of requirements that the loan servicer must comply with when a borrower submits a loss mitigation application. Under § 1024.41, a loan servicer may not foreclose on a property in certain circumstances if a borrower submitted a completed loan modification, or loss mitigation application. If a servicer receives a loss mitigation application forty-five days or more before a

foreclosure sale, the servicer shall determine if the application is complete and notify the borrower whether the application is complete or incomplete. 12 C.F.R. § 1024.41(2)(i)(A). If the application is incomplete, the servicer shall notify the borrower as to what additional documentation and information must be provided for completion of the application. 12 C.F.R. § 1024.41(2)(i)(B). The servicer must provide the borrower a reasonable date by which the borrower is required to submit the necessary documentation. 12 C.F.R. § 1024.41(2)(ii).

> Servicers are not required to evaluate incomplete applications:
>
> if a servicer has exercised reasonable diligence in obtaining documents and information to complete a loss mitigation application, but a loss mitigation application remains incomplete for a significant period of time under the circumstances without further progress by a borrower to make the loss mitigation application complete, a servicer may, in its discretion, evaluate an incomplete loss mitigation application and offer a borrower a loss mitigation option.

12 C.F.R. § 1024.41 (emphasis added).

If a borrower submits a complete loss mitigation application thirty-seven days before a scheduled foreclosure sale, the servicer cannot begin foreclosure proceedings unless the "borrower's mortgage loan obligation is more than 120 days delinquent." 12 C.F.R. § 1024.41(f)(1)(i); *Lambert v. PNC Bank, N.A.*, No. CV 15-12334, 2017 WL 4251784, at *3 (E.D. Mich. Sept. 26, 2017). Neither party has attempted to approximate the date the Loan entered default, nor the date Knott became delinquent on his mortgage payments.

Knott bases his RESPA claim on two loan modification attempts. Knott alleges he contacted Ocwen sometime in "mid-2016" to discuss loss mitigation in the form of loan modification. (Doc # 1-1, Pg. 4) Knott alleges he subsequently submitted the First Loan Modification application, but does not specify the date of submission, nor did he attach the application to the Complaint. Knott further alleges that after several months without receiving a response from Ocwen, he submitted the Second Loan Modification Application on January 26, 2017. (*Id.* at 5) Knott attached the Second Loan Modification Application to the Complaint. (*Id.*, Exh. 3 at 105–20) Ocwen argues that the Second Loan Modification Application was submitted approximately 20 days prior to the Sheriff's sale and, given that Knott has not alleged facts demonstrating that he submitted a complete loan modification application before that date, Knott's RESPA claim should be dismissed.

Ocwen is incorrect. The Complaint states that Knott submitted the First Loan Modification Application "several months" before he submitted the Second Loan Modification Application. (*Id.* at 4–5) Several months before January 26, 2017, is clearly more than thirty-seven days prior to the Sheriff's sale on February 16, 2017, and the first foreclosure notice publication on January 19, 2017.

The date of delinquency, however, is also relevant to the inquiry of whether Ocwen violated RESPA by initiating foreclosure proceedings via the foreclosure notice publication on January 19, 2017. The Second Loan Modification

8

Application, Section 10, titled "Hardship Statement", asks the borrower to indicate the date his "hardship" began. (*Id.*, Exh. 3 at 113) Knott wrote that his hardship began during April 2016. It is not clear whether this date indicates when Knott became delinquent on his mortgage payments, or it indicates when Knott began experiencing financial trouble. If it is the former, the date of delinquency, Knott's RESPA arguments regarding the foreclosure proceedings fail as a matter of law. If it is the latter, it is still not clear when Knott became delinquent on his mortgage payments because he has not stated facts related to the date of delinquency or the date of default in the Complaint.

Knott could have submitted the First Loan Modification Application several months before the Second Loan Modification Application, and the foreclosure proceedings would still be valid if Knott was more than 120 days delinquent on the mortgage loan payments. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC*, 500 F.3d at 527 (emphasis in original) (citing *Twombly*, 550 U.S. at 555).

RESPA provides only monetary relief, not equitable relief. *McGhee v. Ditech Fin. LLC*, No. 2:16-CV-14266, 2017 WL 4120107, at *3 (E.D. Mich. Sept. 18, 2017). A plaintiff who brings a claim under RESPA must allege actual damages or statutory damages for "a pattern or practice noncompliance." *Buttermore v.*

*Nationstar Mortg. LLC*, No. 16-14267, 2017 WL 2306446, at *8 (E.D. Mich. May 26, 2017). The Complaint states that Ocwen engages in a pattern or practice of noncompliance in connection with "borrower defaults or improper or unnecessary foreclosures". (Doc # 1-1, Pg. 4) Knott has not alleged specific facts to support his allegations for statutory damages, and has not stated facts to showing actual damages other than stating he has suffered "prejudice from the foreclosure of his home" and "would be in a better position" if Ocwen had not violated RESPA. (*Id.* at 10.) "[A] RESPA complaint 'must allege facts showing that damages occurred as a result of the alleged violations. Naked claims of damages, unconnected to such facts, are not enough to state a claim.'" *Buttermore*, No. 16-14267, 2017 WL 2306446, at *8 (quoting *Mrla v. Fed. Nat'l Mortg. Ass'n*, No. 15-CV-13370, 2016 WL 3924112, at *3 (E.D. Mich. July 21, 2016)) (internal citations and quotation marks omitted).

Taking the facts alleged in the Complaint as true, Knott's allegations regarding the First Loan Modification Application are ambiguous and he has not properly alleged damages. Knott has failed to sufficiently state a claim for relief under RESPA § 1024.41. Count I is **DISMISSED**.

### C. Illegal Foreclosure Claim

Ocwen argues that Knott's Complaint should be dismissed because Knott lacks standing to challenge the foreclosure. (Doc # 6, Pg. 17) Knott argues that a

borrower may challenge a foreclosure if it is alleged to be illegal. (Doc # 9) The Court finds that, while Knott has standing under Article III of the U.S. Constitution and Michigan law, he has failed to state an illegal foreclosure claim.

Knott filed suit in state court attempting to set aside the foreclosure sale two days before the six-month statutory redemption period expired on August 16, 2017. Although Knott's right, title, and interest in the Property were extinguished after the close of the statutory redemption period (see MCL § 600.3236), Knott has Article III standing because he was the last owner and possessor of the property before the sale and expiration of the redemption period, and he claims a "continuing right to lawful ownership and possession based on defects" in the foreclosure process. *Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 497 (6th Cir. 2014) (quoting *Lamie v. Fed. Home Loan Mortg. Corp.,* No. 1:11–cv–156, 2012 WL 1835243, at \*3 (W.D. Mich. May 21, 2012)) (finding the aforementioned injuries gave plaintiff Article III standing). Knott also has standing under Michigan law because he brought "a legal cause of action" to challenge the foreclosure. *Lansing Schs. Educ. Ass'n v. Lansing Bd. of Educ.*, 487 Mich. 349 (2010). "Michigan courts have long held that a mortgagor may challenge the validity of a statutory foreclosure either through 'summary proceedings' in the Michigan courts pursuant to [MCL] § 600.5714, or by filing a separate lawsuit." *El-Seblani v.*

*IndyMac Mortg. Servs.*, 510 F. App'x 425, 428 (6th Cir. 2013). Knott has standing under Article III and Michigan law.

Standing aside, Knott has failed to state a claim for illegal foreclosure. Under Michigan law, a plaintiff's rights in and title to the property are extinguished after the statutory redemption period expires. *Fed. Home Loan Mortg. Corp. v. Gaines*, 589 F. App'x 314, 317 (6th Cir. 2014) (quoting *Bryan v. JPMorgan Chase Bank*, 304 Mich. App. 708, 848 N.W.2d 482, 485 (2014)). A former property owner may not assert claims regarding the property once the redemption period lapses absent some fraud or irregularity. *Fed. Home Loan Mortg. Corp.*, 589 F. App'x at 317. Filing a lawsuit prior to the expiration of the redemption period will not toll the period. *Id.*

"Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.'" *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir.2013) (quoting *Schulthies v. Barron*, 16 Mich. App. 246, 167 N.W.2d 784, 785 (Mich. 1969)). "The indicated irregularity, however, must have occurred in the foreclosure process itself." *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 294 (6th Cir. 2015) (citing *Williams v. Pledged Property II, LLC*, 508 Fed. Appx. 465, 468 (6th Cir.2012)). A defect or irregularity in a foreclosure proceeding results in a foreclosure that is

voidable, or unenforceable, not void *ab initio*, or treated as if the foreclosure never happened. *Campbell*, 611 F. App'x at 294. A plaintiff must also demonstrate that she was prejudiced by the defect or irregularity. *Id.* "A mortgagor demonstrates prejudice by showing that she would have been in a better position to preserve her interest in the property absent the defendant's noncompliance with Michigan's foreclosure laws." *Id.* Under Michigan law, "an alleged irregularity in the loan modification process, however, does not constitute an irregularity in the foreclosure proceeding." *Id.*

Knott has failed to plead an irregularity in the foreclosure process itself under Michigan law. The Complaint alleges that Ocwen's failure to provide Knott with a decision regarding loan modification before initiating foreclosure proceedings is a violation of MCL 600.3204. The Sixth Circuit has repeatedly held that such allegations fail to state a claim for illegal foreclosure. *See, e.g.*, *Campbell*, 611 Fed. Appx. at 293–94; *Bernard v. Fed. Nat'l Mortg. Ass'n*, 587 Fed. Appx. 266, 270 (6th Cir. 2014); *Elsheick v. Select Portfolio Servicing, Inc.*, 566 Fed. Appx. 492, 499 (6th Cir. 2014). Knott has not cited any authority for the Court to set aside the foreclosure sale due to an irregularity in the loan modification process.

Even if Knott had alleged a fraud or irregularity in the foreclosure proceedings, Knott has failed to allege prejudice sufficient to support those claims. Knott has not alleged facts to support that he would have been granted a loan

modification, or not defaulted on the Loan, or failed to pay the remaining loan balance, or otherwise redeemed the property, absent Ocwen's failure to provide him with a decision regarding loan modification. *See Nance v. Bank of Am., N.A.*, 638 F. App'x 476, 478 (6th Cir. 2016). Knott has failed to state a claim for illegal foreclosure. Count II is **DISMISSED**.

### D. Negligence Claim

Ocwen argues Knott's negligence claim must be dismissed because Ocwen did not owe Knott a duty separate and distinct from its contractual obligations. (Doc # 6, Pg. 25) Knott argues that Ocwen breached their duty of reasonable care in evaluating Knott for loan modification. (Doc # 8, Pg. 22) The Court agrees with Ocwen.

A plaintiff must set forth four elements to state a claim for negligence under Michigan law: "(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) the plaintiff suffered damages, and (4) the breach of duty caused the damages." *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 298 (6th Cir. 2015) (citing *Haliw v. Sterling Heights*, 464 Mich. 297, 309 (2001)). "The threshold question in a negligence action is whether the defendant owed a duty the plaintiff." *Fultz v. Union-Commerce Associates*, 470 Mich. 460, 464 (2004). The existence of a duty is a question of law. *Id.* For a negligence claim to arise based on a

contract, the plaintiff must allege a duty "separate and district" from the duties imposed by the contract. *Id.* at 467.

Knott attempts to rely on *Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 166-67 (6th Cir. 2014), to argue that a violation of RESPA can support a common law negligence claim. Knott's negligence claim fails because RESPA § 1024.41 does not impose a duty on a servicer to provide any specific loss modification option, nor does it establish that servicers have an independent duty of care regarding the evaluation of a borrower's loan modification application. *Clark v. Fifth Third Mortg.*, No. 15-11169, 2016 WL 393890, at *6 (E.D. Mich. Jan. 29, 2016). "Plaintiff['s] negligence claim based upon a RESPA violation fails for the same reasons the Sixth Circuit found a violation of the HAMP regulations could not support a negligence claim—Michigan courts have not recognized the regulations impose a separate duty and Plaintiffs have not cited any case law to the contrary." *Id.*

Count III is **DISMISSED**.

**E. MCL 600.2907a Claim**

Ocwen argues that Knott's reliance on MCL 600.2907a is misplaced because (1) the Sixth Circuit has held that the statute does not apply to the recording of a sheriff's deed (see *Downey v. Fannie Mae*, 590 Fed. Appx. 587 (6th Cir. 2014)); (2) Knott did not own the Property when the Covenant Deed was recorded; and (3)

Knott does not allege any facts to support Ocwen's intent to harass or intimidate, as required by the statute. (Doc # 6, Pg. 26) Knott does not oppose those arguments. The Court agrees with Ocwen.

Count IV is **DISMISSED**.

### F. Concert of Action and Exemplary Damages

These claims are derivative of the failed negligence claim. As such, they have no merit. Counts V and VII are **DISMISSED**.

### G. Quiet Title

Knott's action to quiet title also fails as a matter of law. "In Michigan, a plaintiff suing to quiet title has 'the burden of proof and must make out a prima facie case of title.'" *Nance v. Bank of Am., N.A.*, 638 F. App'x 476, 479 (6th Cir. 2016) (quoting *US Bank Nat. Ass'n v. Curtis*, No. 322508, 2015 WL 6835485, at *7 (Mich. Ct. App. Nov. 3, 2015)). Under Michigan law, where a mortgagor failed to redeem her property within the statutory redemption period, the mortgagor has no title to the property and cannot state a claim to quiet title. *Wilson v. HSBC Bank, N.A.*, 594 F. App'x 852, 857 (6th Cir. 2014). Knott's title was extinguished when the redemption period ended. *Id.* Knott cannot make out a *prima facie* case of title.

Count VI is **DISMISSED**.

**H. Motions for Default Judgment to Quiet Title**

Knott request that a default judgment, to quiet title on the Property, be entered against Defendant Pofahl for failure to appear in this action despite receiving proper notice on August 17, 2017. (Doc # 16-2; Doc # 17-2) Ocwen argues that Knott's Motions for Default should be denied because Knott has failed to provide a basis to set aside the foreclosure.

Default judgment is generally disfavored because there is a "strong preference for trials on the merits." *Shepard Claims Serv., Inc. v. William Darah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). According to the Sixth Circuit, "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). "When considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 Fed. App'x. 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d. 1470, 1472 (6th Cir. 1986)); *see also Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990).

The first factor does not favor Knott.  Knott allowed the redemption period to expire and his title to the Property extinguished.  Knott has not identified any prejudice he would suffer if the Court denies the present Motions for default.  Knott would be in the same position he is in now.

The second and third factors also favor denying the requests for default judgment.  Knott seeks to have the Court quiet title to the Property.  As stated previously, Knott cannot state a claim to quiet title.

The fourth factor weighs against Knott.  Knott seeks an equitable remedy after allowing the redemption period to expire.  Knott does not have a measurable economic interest in the Property because he cannot state a claim to quiet title.

Factors five and six favor Knott.  The facts of this case are not in dispute and Pofahl has not attempted to answer or appear after allegedly receiving proper notice.

Factor seven favors denying the present Motions because the default judgment would be entered prior to a decision on the merits and Knott has not presented a meritorious claim to quiet title.

Five of the seven factors support denying Knott's Motions for Default Judgment.  The present Motions for Default Judgment are **DENIED**.

III.   **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Ocwen Loan Servicing, LLC's Motion for Judgment on the Pleadings (Doc # 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Ocwen Loan Servicing, LLC is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff Waymond Knott's Motions for Default Judgment (Doc #16 and Doc # 17) are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Waymond Knott's case against individual Defendant C.F. Sandy Pofahl is **REMANDED** to the Wayne County Circuit Court of Michigan to determine the appropriate remedy for Knott's claim to quite title on the property in question.


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  August 20, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 20, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager